UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES M. STEELE, | ) | CASE NO. 1:13cv818 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WARDEN SHOBERT, | ) | |
| | ) | |
| RESPONDENT. | ) | |

On April 12, 2013, petitioner *pro se* Charles M. Steele, an inmate at the Cuyahoga County Jail (the "Jail"), filed the above-captioned *in forma pauperis* petition for writ of habeas corpus under 28 U.S.C. § 2254. The petition states that a pending indictment against Steele for a rape which allegedly occurred in 1993 is invalid because the statute of limitations to charge him has expired.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254(b).

As grounds for the petition, Steele asserts that because the Ohio statute of limitations allegedly expired before he was indicted, his detention at the Jail violates his rights under the Fourteenth Amendment. A petitioner has not, however, exhausted his state remedies if he can raise his claims by any available state procedure. To exhaust state court remedies, he

must have presented the very issue on which he seeks relief from the federal courts to the courts of the state that he claims is wrongfully confining him. *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *cf. O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (exhaustion requires presentation of all claims to state court through discretionary review process).

Petitioner has the continuing right to assert any claims or defenses in the state trial court and on direct appeal from any final judgment of conviction. It is thus apparent of the face of the petition that he yet to exhaust his state court remedies with respect to his claim.

For the foregoing reasons, the request to proceed in forma pauperis is granted, the petition is denied, and this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed. R.App.P. 22(b); 28 U.S.C. § 2253.

**IT IS SO ORDERED**.

Dated: April 30, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**